IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER L. JONES | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-11-CV-0968-B-BD |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Christopher L. Jones, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 1989, petitioner was convicted of murder and sentenced to 35 years confinement. His conviction and sentence were affirmed on direct appeal. *Jones v. State*, No. 05-89-00690-CR (Tex. App.--Dallas, Jun. 12, 1990, pet. ref'd). Petitioner also filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Jones*, WR-71,979-01 (Tex. Crim. App. May 13, 2009). Petitioner then filed this action in federal district court.

II.

Petitioner raises two grounds for relief: (1) his due process rights were violated when the prosecutor failed to timely disclose the identities of two trial witnesses and inform defense counsel that a witness had two prior felony convictions; and (2) he received ineffective assistance of counsel.

Respondent has filed a preliminary response in which he argues that this case is barred by the AEDPA statute of limitations. Petitioner addressed the limitations issue in a reply filed on August 11, 2011. The court now determines that this case should be dismissed on limitations grounds.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2).

The AEDPA became effective when it was signed into law on April 24, 1996. *See United States v. Patterson*, 211 F.3d 927, 929 (5th Cir. 2000). However, the Fifth Circuit has allowed

prisoners a one-year grace period in which to file claims for federal habeas relief. *United States v. Flores*, 135 F.3d 1000, 1005 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 846 (1999); *see also Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (clarifying that one-year grace period extends filing date to April 24, 1997). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 35 years in prison for murder. His conviction was affirmed by the state court of appeals on June 12, 1990. The Texas Court of Criminal Appeals refused a petition for discretionary review on October 10, 1990. Petitioner did not seek relief in the United States Supreme Court by way of a petition for writ of certiorari. Therefore, his conviction became final on January 8, 1991 -- 90 days after the Texas Court of Criminal Appeals denied review. *See Watson v. Thaler*, No. 3-09-CV-1125-O, 2010 WL 271940 at *2 (N.D. Tex. Jan. 21, 2010) (citing cases), *appeal dism'd*, 2011 WL 3364396 (5th Cir. Aug. 3, 2011) (state conviction becomes final for limitations purposes when 90-day deadline for seeking further relief in Supreme Court expires). Petitioner filed an application for state post-conviction relief on July 24, 2008. The application was denied on May 13, 2009. Petitioner filed this action in federal court on May 5, 2011.

The one-year limitations period started to run on April 24, 1996 -- the date the AEDPA was enacted. Yet petitioner did not file this action in federal court until May 5, 2011 -- more than *15 years* later. In an attempt to excuse this delay, petitioner contends that his state writ was properly filed and that he delivered his federal writ to prison authorities for mailing on March 30, 2010. (*See* Pet. Reply at 2-4). Neither argument constitutes grounds for statutory or equitable tolling. Petitioner did not file his state writ until July 24, 2008 -- more than *11 years* after the AEDPA statute of

limitations expired. As a result, petitioner is not entitled to statutory tolling for the 294 days the writ was pending. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1498 (2001). Regardless of whether petitioner delivered his federal writ to prison authorities for mailing on May 5, 2011 -- the date reflected in his sworn declaration to the pleading -- or on March 30, 2010 -- the date alleged in his reply -- the writ is still untimely by more than *12 years*. Petitioner further contends that he did not learn that the prosecutor failed to disclose the identity of a trial witness, Levenia Davis, until he received an affidavit to that effect from his attorney in April 2009. (*See* Pet. Reply at 5-6). Not only has petitioner failed to provide the court with a copy of the affidavit, but he has not shown that he could not have discovered the factual predicate of this claim within the limitations period. In fact, petitioner timely appealed his conviction on the ground that, *inter alia*, the state failed to timely disclose the identity of another witness, Kenneth King. *See Jones*, No. 05-89-00690-CR, op. at 1. Had petitioner diligently investigated other aspects of that claim, he likely could have raised the issue earlier.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge

is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 16, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE