IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHRISTOPHER L. JONES, § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | |
| § | No. 3:11-cv-968-B-BN |
| RICK THALER, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Christopher L. Jones has filed an motion for leave to file an out-of-time appeal in this habeas proceeding brought pursuant to 28 U.S.C. § 2254. *See* Dkt. No. 14. The motion has been referred to undersigned magistrate judge for recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and an order of reference dated October 24, 2013. For the reasons stated herein, the motion should be granted, and the Court should enter a notice of appeal on Petitioner's behalf.

**Background**

Petitioner filed a petition for writ of habeas corpus challenging his 1989 murder conviction. *See* Dkt. No. 2. On September 8, 2011, the Court adopted the findings and recommendation of Magistrate Judge Jeff Kaplan and dismissed Petitioner's application as barred by the Antiterrorism and Effective Death Penalty Act's one-year limitations period. *See* Dkt. Nos. 9 & 11. On September 20, 2013, the Court received

a status request in which Petitioner indicated that he had not received any correspondence from the Court since he filed an objection to Judge Kaplan's findings on or about August 29, 2011. *See* Dkt. No. 13. Because Petitioner claims that he never received notice that his habeas petition was dismissed, he now seeks leave to file an out-of-time appeal pursuant to Rule 4 of the Federal Rules of Appellate Procedure. *See* Dkt. No. 14. The time for Respondent to file a response, if any, has passed without the filing of any response in opposition to Petitioner's motion.

## Legal standards

A notice of appeal in a civil case must be filed with the district clerk "within 30 days after entry of the judgment or order appealed from." FED. R. APP. P. 4(a)(1)(A). However, a district court may extend the time for filing a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

FED. R. APP. P. 4(a)(5)(A).

Failure to learn of the entry of a judgment or order supports a finding of excusable neglect. *See Chipser v. Kohlmeyer & Co.,* 600 F.2d 1061, 1063 (5th Cir. 1979); *see also Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. 1981). All relevant circumstances should be considered including "the danger of prejudice to the [Respondent], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the [Petitioner], and whether

the [Petitioner] acted in good faith." *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

## Analysis

Petitioner contends that he never received notice that the Court adopted Judge Kaplan's findings and dismissed his habeas case. *See* Dkt. No. 14. He also attaches correspondence with representatives of the mail room at the Texas Department of Criminal Justice's Allred Unit, which correspondence supports his claim that he never received notice of the Court's dismissal of his habeas case. *See id.* at 3-4. It is unlikely that Respondent will be prejudiced by Petitioner's untimely notice of appeal, since this Court has previously denied Petitioner a certificate of appealability. *See* Dkt. No. 11. The undersigned therefore concludes that the untimely filing of the notice was due to excusable neglect.

## Recommendation

Petitioner's motion to file an out-of-time appeal [Dkt. No. 14] should be granted, and the Court should enter a notice of appeal on his behalf.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 8, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE